Daniels, J.
The parties were partners in business as stock brokers. The plaintiff and the defendant Atterbury were the general and the defendant was the special partner. As the capital of the special partner he was bound to and did put into the business the sum of $100,000, on which he was to be credited with interest, as the general partners were also, on their capital, at the rate of six per cent. And the accounts were kept on the books in that manner. For the last quarter of the year 1883, he was allowed, as he had also been credited, the sum of $1,500, interest on this amount of capital. This was resisted upon the trial, as it also is on the appeal, because of drafts drawn by him on the firm in October and November, and paid by it. These drafts amounted to much more than half this sum of $100,000. But they were not charged against his capital in the books of the firm until the close of the year. That was left accordingly in an apparently unimpaired condition. But that would not change the rights or obligations of the partners, if in fact the capital had been reduced by these drafts. But it was not; for besides being a partner, he dealt largely with the firm as one of its customers. In that relation to it a stock account was kept with him, and in that the moneys advanced on the drafts were charged. And, so far as he appeared to be in debt on that account, he was charged with interest, which was from time to time compounded, as it was with the other customers of the firm. The advances were dealt with—as in fact they were—as loans to Walton in his stock transactions, carried for him by the firm. And as the drafts were neither of them drawn against nor charged to the capital, *36 they did not diminish its amount nor deprive him of the stipulated interest upon it. Neither this interest nor any part of the $2,400 can legally be deducted from the amount for which the judgment has been entered.
No other disposition can be made of his personal account of $9,316.12 which was made up of items drawn by him prior to October, 1883. No part of that was charged to or carried over to Ms capital account until the end of the year when the business of the firm was closed.
The firm made four loans in the course of the year for the interest on part of wMch it has been urged that the defendant Walton should be charged the sum of $909.73. But these loans were all effected for the business of the firm, and not especially for the use or benefit of Walton. The interest paid upon them was necessarily a part of the expenses of the business, as it was charged on the books, and under the articles was to be borne as other expenses or losses were, one-half by Walton and the other half in equal parts by each of the other partners, and charging it up as part of the expenses of the firm made that division of the interest by dimimshing in the same manner the share of each partner in the profits of the business.
There was np cause for charging the defendant Walton, with any greater amount of the losses than were in fact borne by him. None were shown to have been sustained beyond the interest paid upon loans, and for his share of that he was made accountable in the division of the profits of the business, The payment of that interest was not specially traceable to him, for the reason that the moneys advanced to him was in Ms relations of a customer, and they were not applied to reduce his capital until the stock account was closed and the final closing of the business, at the end of the year.
It has also been insisted that a further sum of $1,000 should be debited to this defendant, but no grounds upon which that can be done have been indicated. In all substantial respects the accounts have been settled as they were supported by the books, and the transactions of the business. No injustice appears to have intervened in the disposition of the case, and the judgment should therefore be affirmed, with costs.
Macomber and Brady, JJ., concur.